## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FURVIO FLETE-GARCIA, | ) | CASE NO. 3:23-cv-00746 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R. STOVER, | ) | November 29, 2023 |
| *Respondent*. | ) | |

## RULING ON PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. §2241
### [RE: (ECF NO. 1)]

Kari A. Dooley, United States District Judge:

Petitioner Furvio Flete-Garcia filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking restoration of time credits that the Bureau of Prisons ("BOP") allegedly took away from him. *See* Pet., ECF No. 1 at 9, ¶ 15. Specifically, his petition challenges a "reduction of three months and fifteen days of good conduct time for refusing GED [General Educational Development] class [and] application of earned time credit under First Step Act." *Id.* at 3, ¶ 6.

In a response to the Court's order to show cause, Respondent—the Warden of the federal prison where Petitioner is housed—argues that this petition should be denied because (1) Petitioner has received the maximum yearly good time conduct of 54 days since the start of his confinement, (2) he has not sustained any reduction in conduct time, and (3) he is statutorily ineligible for application of First Step Act ("FSA") time credits. Resp't. Mem, ECF No. 12-1.

For the following reasons, the petition is DENIED.

**LEGAL STANDARD**

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to FSA time credit calculation on a § 2241 petition).

<u>18 U.S.C. § 3585(b)</u>

Under 18 U.S.C. § 3585(b) "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Under BOP Program Statement 5884.03, the BOP will generally award 54 credits each year "if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma" but the BOP will only award 42 days credit for each year served if the inmate "has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma[.]"[1] BOP PS 5884.03, at 2, ¶ 6(c)(1)–(2). In such instances where an inmate fails to earn or make satisfactory progress towards a GED, the inmate is given a status of "UNSAT." *See Id.*, at 3–4, ¶ 7; *see also* Decl. of Frances Blackman-Conston

---

[1] BOP Program Statement 5884.03 is publicly available at https://www.bop.gov/mobile/policy/.

("Blackmon-Conston Decl."), ECF No. 12-2, at 2, ¶ 8. But the Program Statement also provides that a noncitizen "who is subject to a final order of removal, deportation, or exclusion is eligible for, but is not required to, participate in a literacy program, or to be making satisfactory progress toward earning a [GED] credential, to be eligible for a yearly award of good conduct." PS 5884.03, at 2, ¶ 6(d).

First Step Act ("FSA")

The FSA encourages federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by providing time credits toward prelease custody or early transfer to supervised release to an inmate who successfully participates in such programs. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *Dailey*, 2023 WL 3456696, at *4. But the FSA provides that "[a] prisoner is ineligible to apply [FSA] time credits … if the prisoner is the subject of a final order of removal under any provision of the immigration law[.]" 18 U.S.C. § 3632(d)(4)(E).

**DISCUSSION**

On July 13, 2017, Petitioner pled guilty before District Judge Sorokin for the District of Massachusetts to a 48-count indictment charging him with violations of 18 U.S.C. § 371, Conspiracy to Defraud the United States Government; 18 U.S.C. § 1029(a)(3), Access Device Fraud; 18 U.S.C. § 641, Conversion of Government Property; 18 U.S.C. § 1028(A), Aggravated Identity Theft; and 18 U.S.C. § 1956(a)(l)(B), Money Laundering. *See United States v. Flete-Garcia*, 1:15-cr-10381 (LTS) (D. Mass) at ECF Nos. 90, 177.

On December 20, 2018, Petitioner was sentenced to a 108-month term of imprisonment with a three-year term of supervision. *See United States v. Flete-Garcia*, 1:15-cr-10381 (LTS) (D. Mass.) at ECF No. 249. Petitioner is currently incarcerated at FCI Danbury, CT. *See* Pet., ECF No.

1, at 1, ¶ 2. He is also subject to a final order of deportation. Blackman-Conston decl. ECF No. 12-2, at 2, ¶ 6; *United States v. Flete-Garcia*, 1:15-cr-10381 (LTS) (D. Mass.), ECF No. 111-2; *see also* Resp't Reply to Pet'r's Resp., Ex. A, Warrant of Removal, ECF No. 20-1.

Petitioner's claim that he sustained a deduction of 3 months and fifteen days of his good time credit because he refused to participate in a GED program is belied by the record. Frances Blackman-Conston, Executive Assistant at Danbury FCI, explains that Petitioner's records show: (1) he was given a "GED UNSAT" status while he was designated to FCI Gilmer, West Virginia, on July 26, 2019; and (2) his status was changed to "GED SAT" at FCI Danbury on July 21, 2023, after the education staff became aware of Petitioner's final deportation order. Blackman-Conston decl., ECF No. 12-2, at 1–2, ¶ 5–8. Petitioner's Sentence Monitoring Good Conduct ("SMGC") sheet shows that he has now received 54 good time credits for each year of his incarceration, is still earning good time credit, and has a projected release date of September 27, 2026. *Id.*, Ex. 2, at 8. The Court cannot afford Petitioner any restoration of good time credit as he has now received and is earning the maximum amount of credit for each year. Petitioner's request for relief is therefore moot.[2] *See, e.g.*, *Ramos v. New York City Dep't of Educ.*, 447 F. Supp. 3d 153, 157 (S.D.N.Y. 2020) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.") (citing *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983)).

**FSA Time Credits**

Petitioner argues that he has received FSA time credits "changing his release date from September 27, 2026 to September 27, 2025", and that "[c]omputation paperwork does not reflect

---

[2]To the extent Petitioner challenges his "UNSAT" status, this claim is also moot because his status is now listed as "GED SAT." Blackman-Conston decl., ECF No. 12-2, at 2, ¶ 8.

this change due to incorrect calculation of 'good time'[.]" Pet., ECF No. 1, at 7–8, ¶ 13.[3] But even if eligible to earn FSA time credits, Petitioner is statutorily ineligible to apply FSA time credits as a "prisoner [who] is the subject of a final order of removal" under the immigration laws. 18 U.S.C. § 3632(d)(4)(E). Petitioner does not dispute that he is subject to a final removal order. *See* Pet. Ex. F, ECF No. 1, at 25 ("I d[o] not have to complete the GED due to me being a deportable alien subject to final deportation."); *see also* Warrant of Removal, ECF No. 20-1. Accordingly, Petitioner's challenge based on failure to apply his FSA time credits is without merit. *See Saleen v. Pullen*, No. 3:23-CV-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023) (petition for FSA time credit application dismissed because, *inter alia*, Petitioner was ineligible to apply FSA time credits as he would be deported upon completion of his sentence); *Lucero-Deras v. Warden, FCI-Allenwood*, No. CV 3:23-0817, 2023 WL 5089700, at *2 (M.D. Pa. July 14, 2023) (denying 2241 petition where "Respondent presented evidence that Petitioner is subject to a deportation order and that the BOP properly determined that Petitioner is not eligible for application of FSA time credits.").

## IV.   CONCLUSION

For the foregoing reasons, the petition for habeas corpus (ECF No. 1) is DENIED. The clerk is instructed to close this case. Any appeal from this order would not be taken in good faith.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of November, 2023.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[3] Respondent represents that Petitioner did not fully exhaust his BOP administrative remedy process for his FSA claim. *See* Resp't. Mem, ECF No. 12-1 at 2–3, n. 3, and at 5. But Respondent indicates that this argument is raised to preserve this issue, although it is not advanced at this time in light of Petitioner's ineligibility for application of FSA time credits. *Id.* at 5.